## GOODINE *v.* THOMAS

1. NEGLIGENCE—PLEADINGS—COMPLAINT—EMPLOYER-EMPLOYEE RE-
LATIONSHIP—AUTOMOBILES.

    A complaint in an automobile negligence case which stated
    that there was a benefit flowing to the defendant owner of the
    automobile from the transportation of the injured party, a
    passenger in the owner's car, that the transportation was for
    the use and benefit of the defendant owner and that a host-
    guest relationship was not present was not tantamount to an
    allegation that the injured party was an employee of the
    defendant at the time of the accident.

2. NEGLIGENCE—EMPLOYER-EMPLOYEE RELATIONSHIP—AUTOMOBILES
—SUMMARY JUDGMENT—QUESTION OF FACT.

    Granting the defendants' motion for summary judgment in an
    automobile negligence case on the ground that the exclusive
    remedy of the plaintiff, a passenger in defendants' car, was
    under the workmen's compensation act was improper where
    defendants' summary judgment motion erroneously and un-
    warrantedly assumed that plaintiff alleged an employer-em-
    ployee relationship in the complaint, the complaint did not
    allege an employer-employee relationship, but did state that
    there was a benefit flowing to the defendants from transport-
    ing the plaintiff, that the transportation was for the use and
    benefit of the defendants, and that a guest-host relationship
    did not exist, and defendants' answer alleged a guest-pas-
    senger relationship, but did not allege an employer-employee
    relationship, because a question of fact existed as to the
    parties' relationship.

Appeal from Ingham, Marvin J. Salmon, J. Sub-
mitted Division 2 December 16, 1970, at Lansing.
Docket Nos. 8009 and 8010.) Decided April 20, 1971.
Leave to appeal denied, 385 Mich 759.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 878, 884.

Complaint by Francis D. Goodine and Marcia Goodine, as next friend of Steven A. Goodine, against Robert L. Thomas and Thomas L. Thomas for damages for injuries suffered by Steven A. Goodine in an automobile accident. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded for further proceedings.

*E. James Maurer,* for plaintiffs.

*Denfield, Timmer & Seelye,* for defendants.

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

HOFF, J.  On July 8, and July 21, 1965, plaintiffs instituted these suits in the Ingham County Circuit Court.  The complaints alleged: (1) that Thomas L. Thomas, driver of the automobile in which plaintiff Steven A. Goodine was injured, was guilty of ordinary negligence, and (2) that Robert L. Thomas, the owner of the automobile which Thomas L. Thomas was driving, was guilty of negligent entrustment.  The complaints do *not* allege that Steven A. Goodine was an employee of either Robert L. Thomas or Thomas L. Thomas at the time of the accident, but paragraph 5 of the complaints does assert the following:

"5.  *  *  *  and that on the date of this collision, hereinafter set forth, there was a benefit flowing to the said defendant, Robert L. Thomas from the transportation of plaintiff's son, Steven A. Goodine, and that a host-guest relationship was not present on the date of the collision and that the past assistance and services given by plaintiff's son, Steven A. Goodine, to defendant, Robert L. Thomas, and the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

services on the date of said collision, precludes a social relationship at the time of the collision, hereinafter stated, said transportation being for the use and benefit of defendant, Robert L. Thomas."

Defendants filed answers which allege that a "guest-passenger relationship" existed between plaintiff Steven A. Goodine and defendant Thomas L. Thomas at the time of the accident. Defendants also set forth two affirmative defenses: (1) that plaintiff Steven A. Goodine "cannot assume the benefits of an alleged employee-employer relationship, without considering himself to be an employee of defendant, Robert L. Thomas, at the time of the accident in question, and therefore, plaintiff's sole and exclusive remedy must lie under the workmen's compensation laws of the State of Michigan, and are not before this court"; and (2) that plaintiff Steven A. Goodine "was guilty of negligence causing and/or contributing to his alleged injuries in whole or in part in that he voluntarily assumed a position in the vehicle and knew or should have known of defendant's driving ability and thereby assumed any and all risks incident thereto."

Both plaintiffs and defendants demanded trial by jury.

Defendants filed motion for summary judgment. On August 8, 1969, defendants' motion for summary judgment was granted and plaintiffs have appealed as of right from the order granting summary judgment and dismissing plaintiffs' complaints.

On hearing the defendants' motion for summary judgment the trial judge ruled:

"Let the record show that it appears to this court that there is an issue here whether or not there is a relationship of employer and employee, and that this is a matter that is to be determined by the work-

men's compensation department. For this reason, I am going to grant the motion."

In their motion for summary judgment the defendants state:

"1. That plaintiff alleges that at the time of the accident in question, Steven A. Goodine *was employed* by the defendant, Robert L. Thomas, and *was a co-employee* of the defendant, Thomas L. Thomas." (Emphasis added.)

This is an inaccurate statement. Apparently defendants consider plaintiffs' allegation as set forth in paragraph 5 of the complaints "(that) there was a benefit flowing to said defendant, Robert L. Thomas, from the transportation of plaintiffs' son * * * and * * * said transportation being for the use and benefit of defendant * * * " as tantamount to an allegation that plaintiffs' son was an employee of the defendant at the time he was injured. We find no Michigan authority supporting this position.

Here, indeed, is a strange situation. Plaintiffs do not allege an employment relationship in their complaints. Defendants do not allege an employment relationship in their answers; rather in paragraph 4 of the answer defendants allege that Steven A. Goodine was a guest passenger. It is true that defendants' motion for summary judgment assumes the existence of an employer-employee relationship but as stated above this is an erroneous assumption and completely unwarranted from the pleadings.

The pleadings make it clear that the relationship between the parties at the time of the accident is a disputed question of fact requiring determination and resolution by jury trial pursuant to demand therefor timely filed by plaintiffs.

The trial court's decision granting defendants' motion for summary judgment (or accelerated judgment as the case may be) is reversed and the case is remanded to the trial court for further proceedings.

All concurred.